PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 12/24/96** TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

      No. 96-6113

BONARD RAY DENINNO,

      Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CR-93-55-T)

---

Bonard Ray Deninno, pro se.

Patrick M. Ryan, United States Attorney, M. Jay Farber, Assistant United States Attorney, Oklahoma City, Oklahoma, for Defendant-Appellant.

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

HENRY, Circuit Judge.

---

     Defendant Bonard Ray Deninno appeals from an order denying his motion for return of forfeited property. The United States District Court for the Western District of Oklahoma adopted the Report and Recommendation of Magistrate Judge Doyle W. Argo which found the administrative forfeitures of defendant's

property procedurally valid. Although we find the record insufficient to hold the administrative forfeitures procedurally valid, we dismiss Mr. Deninno's Rule 41(e) motion because it fails to offer any legal basis for the return of the forfeited property.[1]

## I. BACKGROUND

Mr. Deninno was convicted in the United States District Court for the Western District of Oklahoma on four drug counts related to manufacturing, possessing, and distributing methamphetamine. His conviction resulted from the execution of a federal search warrant at a motel room where Mr. Deninno was present. During the search federal agents seized laboratory equipment, controlled substances, $16,150.00 in United States currency, a .357 caliber Colt revolver, and a 10 millimeter magazine. The Drug Enforcement Administration (DEA) administratively forfeited this property. Subsequent to his conviction and unsuccessful appeal thereof, Mr. Deninno filed a motion in the district court pursuant to Fed. R. Crim. P. 41(e) for the return of the laboratory equipment, valued at $1,250.00, and the $16,150.00 in United States currency. Mr. Deninno

---

[1] After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

also sought in his motion the return of a vehicle that had been seized and judicially forfeited by the state of Oklahoma.

## II. DISCUSSION

We review the district court's denial of Mr. Deninno's motion for the return of property under Fed. R. Crim. P. 41(e) for an abuse of discretion. See Frazee v. IRS, 947 F.2d 448, 449 (10th Cir. 1991).

Mr. Deninno seeks the return of the seized items under Fed. R. Crim. P. 41(e). Rule 41(e) provides in part:

> (e) Motion for Return of Property. A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.

Whether to assume jurisdiction over a Rule 41(e) motion is governed by equitable principles. Floyd, 860 F.2d at 1003. "Rule 41(e) jurisdiction should be exercised with caution and restraint. A Rule 41(e) motion should be dismissed if the claimant has an adequate remedy at law or cannot show irreparable injury." Id. (citations omitted).

We have held that where the property sought to be returned has been administratively forfeited, the Court should not exercise Rule 41(e) jurisdiction if the movant has failed to challenge the forfeiture through the appropriate

3

administrative and judicial procedures.  See Frazee, 947 F.2d at 450 (citing In re Harper, 835 F.2d 1273, 1274 (8th Cir. 1988)); Linarez v. United States Dep't of Justice, 2 F.3d 208, 213 (7th Cir. 1993); see also 19 U.S.C. § 1608 (providing that a person claiming any right to seized property must file a claim and cost bond within twenty days of first publication of the notice of seizure).  However, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is available for the limited purpose of considering collateral due process attacks; that is, deciding whether the forfeiture offended due process rights.  See United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) (per curiam) ("[D]istrict courts have jurisdiction to entertain collateral due process attacks on administrative forfeitures."); United States v. Woodall, 12 F.3d 791, 795 (8th Cir. 1993) ("[T]he federal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements."); Marshall Leasing, Inc. v. United States, 893 F.2d 1096, 1102-03 (9th Cir. 1990) (holding that the district court had jurisdiction over due process attack on forfeiture); Willis v. United States, 787 F.2d 1089, 1093 (7th Cir. 1986) (holding that federal question subject matter jurisdiction exists over constitutional challenge to forfeiture).  If an administrative forfeiture does not have any procedural defects, other challenges to the forfeiture, which could have been addressed under the statutory and regulatory procedures, must be considered waived.  See Giraldo, 45 F.3d at 511; Woodall, 12

4

F.3d at 795; <u>Linarez</u>, 2 F.3d at 213.  Furthermore, the fact that Mr. Deninno's Rule 41(e) motion comes after his criminal proceedings have ended does not defeat the district court's jurisdiction.  <u>See</u> <u>Woodall</u>, 12 F.3d at 794 n. 1 (holding that once criminal proceedings have ended, a pleading by a pro se plaintiff which is styled as a Rule 41(e) motion "should be liberally construed as seeking to invoke the proper remedy"); <u>Onwubiko v. United States</u>, 969 F.2d 1392, 1397 (2d Cir. 1992) ("Where criminal proceedings against the movant have already been completed, a district court should treat a Rule 41(e) motion as a civil complaint."); <u>United States v. Martinson</u>, 809 F.2d 1364, 1366-67 (9th Cir. 1987) (treating Rule 41(e) motions as "civil equitable proceedings" when criminal proceedings have been completed).

Here, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  <u>See</u> <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950), <u>cited in</u> <u>Giraldo</u>, 45 F.3d at 511.  Although Mr. Deninno admits that "[he] was served notice of the forfeitures," see Rec. vol 1, doc 167, at 2, he avers that the government failed to allow him access to writing materials and postage.  If indeed Mr. Deninno was given notice while being deprived of writing materials and postage, such notice was not "reasonably calculated . . . to . . . afford [him] an opportunity to present

5

[his] objections," see Mullane, 339 U.S. at 314.  The government fails to offer any evidence, in the form of affidavits or otherwise, that Mr. Deninno had access to writing materials and a stamp other than the assertion that "it is inconceivable that these items would not be made available to him."  Rec. vol. 1, doc. 170, at 5. It is unlikely, but not inconceivable.  Thus, we must turn to the merits of Mr. Deninno's motion.[2]

Based upon the record, we conclude that because Mr. Deninno's Rule 41(e) motion does not offer any plausible legal theories upon which to challenge the forfeitures, it must be dismissed pursuant to 28 U.S.C. § 1915(d).  See LaFevers v. Saffle, 936 F.2d 1117, 1118 (10th Cir. 1991) (holding that a pro se, in forma pauperis action may be dismissed under section 1915(d) "if plaintiff cannot make a rational argument on the law and facts").  Mr. Deninno contends that the forfeiture violated his constitutional rights, specifically:  (1) his Fifth Amendment right to due process; (2) his Sixth Amendment right to counsel; (3) his Eighth Amendment right to be free from cruel and unusual punishment; and (4) his Fifth

---

[2]      Although the district court found Mr. Deninno's collateral attack to be without merit, a conclusion we are unable to make based on this record, we may affirm its decision for any reason contained in the record.  See United States v. Sandoval, 29 F.3d 537, 542 n. 6 (10th Cir. 1994) ("'We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.'") (quoting Medina v. City & County of Denver, 960 F.2d 1493, 1495 n.1 (10th Cir. 1992))

Amendment right not to be subjected to double jeopardy. Each of the allegations of the motion are precluded by clear precedent.

### A. Due Process

Facially, both federal and Oklahoma state administrative forfeiture laws satisfy the requirements of due process. Both give notice to possible claimants and provide a procedure by which claimants may contest the pending forfeiture. See 21 U.S.C. § 881(d); 19 U.S.C. §§ 1607-1609; 21 C.F.R. §§ 1316.75-1316.78; 63 Okla. Stat. § 2-506. Mr. Deninno's claim that these procedures do not provide due process is without merit. See Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 676-80 (1974).

Although Mr. Deninno has questioned the adequacy of the notice he received prior to the forfeiture of his property, these alleged procedural faults are irrelevant because Mr. Deninno fails to allege that they prejudiced him. See United States v. Nelson, 54 F.3d 1540, 1545 (10th Cir. 1995) ("Claims of deprivation of due process rights require the accused to make a specific showing of identifiable prejudice affecting his substantial rights."). Mr. Deninno was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846, possession with intent to distribute a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1),

possession of a listed precursor chemical in violation of 21 U.S.C. § 841(d)(1), and maintaining a place for the manufacture of methamphetamine in violation of 21 U.S.C. § 856(a)(1). All of the property at issue in this case was seized from a hotel where Mr. Deninno was carrying out these crimes. Section 881(a) of Title 21 of the United States Code provides in relevant part:

> The following shall be subject to forfeiture . . .
>
>> (2) All . . . equipment of any kind which are used, or intended for use, in manufacturing . . . any controlled substance . . .
>> (6) All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance . . . and all moneys . . . used or intended to be used to facilitate any violation of this subchapter . . . .

21 U.S.C. § 881(a). Section 2-503 of title 63 of the Oklahoma Statutes Annotated provides, in relevant part:

> The following shall be subject to forfeiture:
>
>> 4. All conveyances, including . . . vehicles . . . which are used to transport or conceal, for the purpose of distribution . . . , or in any manner facilitate the transportation for the purpose of sale or receipt of [controlled substances or raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing a controlled substance] . . .

Okla. Stat. Ann. tit. 63, § 2-503.A.4 (West 1991). Mr. Deninno fails to offer any reason why the property at issue is not subject to forfeiture under the preceding provisions. Upsetting the forfeitures because of the alleged procedural faults, when Mr. Deninno appears to have no basis for the return of the property once the

8

faults are remedied in new proceedings, would serve no purpose other than to waste limited judicial resources. Thus, Mr. Deninno's contention that his due process rights have been violated must be dismissed.

### B. Sixth Amendment

"The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'" Austin v. United States, 113 S. Ct. 2801, 2804 (1993). However, "even those protections associated with criminal cases may apply to a civil forfeiture proceeding if it is so punitive that the proceeding must reasonably be considered criminal." Id. at 2805 n.4. We note, as our sister circuits have, that "the Supreme Court has so far been unwilling to deem forfeiture proceedings 'criminal' for the purpose of counsel." See United States v. 7108 W. Grand Ave., 15 F.3d 632, 635 (7th Cir.), cert. denied, 114 S. Ct. 2691 (1994), quoted in United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

The Sixth Amendment's right to counsel is also limited to the risk of loss of liberty. See Scott v. Illinois, 440 U.S. 367, 373 (1979) (adopting "actual imprisonment" as the line defining the constitutional right to appointment of counsel). Even if we were to assume, which we do not, that the forfeiture here was punitive under the Sixth Amendment, we hold that no Sixth Amendment right

9

to counsel attached in this case because imprisonment is not authorized by the administrative and civil forfeiture statutes used.  See $292,888.04 in U.S. Currency, 54 F.3d at 569; 7108 W. Grand Ave., 15 F.3d at 635; see also 21 U.S.C. § 881(d); 19 U.S.C. §§ 1607-1609; 21 C.F.R. §§ 1316.75-1316.78; 63 Okla. Stat. § 2-506.

### C.  Eighth Amendment

Similarly, Mr. Deninno's Eighth Amendment claim must fail.[3]  In Austin, the Supreme Court held that the Eighth Amendment's prohibition against excessive fines applies to civil forfeitures.  113 S. Ct. at 2803.  Since that decision, the circuits have not settled upon any clear rule to determine which forfeitures violate the Eighth Amendment.  See United States v. 427 and 429 Hall Street, 74 F.3d 1165, 1170 (11th Cir. 1996); United States v. 11869 Westshore Drive, 70 F.3d 923, 926 (6th Cir. 1995).

It is clear however that the forfeitures at issue here could not be deemed excessive under any rule applying the Eighth Amendment's prohibition of

---

[3]    Mr. Deninno claims his Eighth Amendment right to be free from cruel and unusual punishment has been violated.  This clause of the Eighth Amendment does not apply to forfeitures.  See Alexander v. United States, 113 S. Ct. 2766, 2775 (1993).  However, we liberally construe Mr. Deninno's pro se motion to make the more plausible argument that the forfeiture violated his Eighth Amendment right to be free from excessive fines.

10

excessive fines to forfeitures. The money, the laboratory equipment and the automobile were all seized from a hotel room where Mr. Deninno, among others, was present. Also seized from the hotel room were 8.5 grams of methamphetamine, a 1.8 liter bottle of liquid containing a detectable amount of methamphetamine, 1,985.25 grams of processed ephedrine, 1.9 grams of marijuana, a loaded .357 caliber Colt revolver, a 10 millimeter magazine, and two sets of scales. As a result of these seizures, Mr. Deninno was convicted on four drug counts related to the manufacture, possession, and distribution of methamphetamine. Given these convictions, we hold that the forfeiture of money, laboratory equipment and an automobile from the premises where the foregoing criminal activity transpired does not violate the Eighth Amendment's prohibition against excessive fines.

### D. Double Jeopardy

The recent Supreme Court decision in United States v. Ursery, 116 S. Ct. 2135 (1996), precludes Mr. Deninno's double jeopardy claim. In Ursery, the Supreme Court held that civil forfeiture does not constitute punishment for the purposes of the Fifth Amendment's prohibition on double jeopardy. 116 S. Ct. at 2138. Therefore, Mr. Deninno has no legal basis for his claim that the forfeitures in this case constituted double jeopardy.

11

## III. CONCLUSION

For the foregoing reasons we AFFIRM the district court's dismissal of Mr. Deninno's motion under Fed. R. Crim. P. 41(e). The mandate shall issue forthwith.