[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1078

UNITED STATES,

Appellee,

v.

JOHN P. GAGLIARDI,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Torruella, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

John P. Gagliardi on brief pro se.
Donald K. Stern, United States Attorney, and Kevin P. McGrath,
Assistant U.S. Attorney, on brief for appellee.

June 24, 1999

Per Curiam. Pro se claimant John Gagliardi
(Gagliardi) appeals a district court order that summarily
denied his post-conviction motion for the return of property
pursuant to Fed. R. Crim. P. 41(e). In this case, the parties
urge this court to decide an important question, i.e., whether
an administrative declaration of forfeiture may survive a
collateral due process attack absent proof that the
incarcerated property owner actually received a notice of the
forfeiture that was sent to him, at his place of incarceration,
by certified mail. Two circuits have held that when the
government has commenced a forfeiture proceeding while the
property owner is incarcerated on related drug charges, the
government must prove that it provided actual notice to the
property owner or his criminal defense counsel in order for the
forfeiture to survive such a collateral attack. See, e.g.,
Weng v. United States, 137 F.3d 709, 713-15 (2d Cir. 1998);
United States v. Cupples, 112 F.3d 318, 320 (8th Cir. 1997); Bye
v. United States, 105 F.3d 856, 857 (2d Cir. 1997)(per curiam);
United States v. Woodall, 12 F.3d 791, 794-95 (8th Cir. 1993). 
In contrast, two other circuits have held that the certified
mailing of a forfeiture notice to the facility at which the
property owner is incarcerated satisfies due process even if
the owner denies actual receipt. See United States v. Clark,
84 F.3d 378, 380-81 (10th Cir. 1996); United States v. Real
Property, 135 F.3d 1312, 1316 (9th Cir. 1998). See also United
States v. Small, 136 F.3d 1334, 1336 (D.C. Cir. 1998)(noting
that "the Due Process Clause does not demand actual, successful
notice, but it does require a reasonable effort to give such
notice").
We recognize that the Ninth Circuit has cited United
States v. One Urban Lot Located at One Street A-1, 885 F.2d
994, 998 (1st Cir. 1989), and that the Second Circuit has cited
United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995)(per
curiam), in support of their respective, opposing positions. 
But both of these cases presented facts that differ
significantly from those with which we are now confronted. 
Indeed, this court has never before confronted the precise
issue presented here. Nor do we think this an appropriate case
in which to resolve it. Thus, we conclude that, although the
district court should have acted more deliberately, the denial
of relief was proper on this record for the reasons set forth
below.
I.
Gagliardi was convicted after pleading guilty to
conspiracy to possess with intent to distribute marijuana and
related offenses, including a criminal forfeiture count. Under
the terms of his plea agreement, Gagliardi agreed that the
amount that was subject to criminal forfeiture exceeded two
million dollars and that all of his assets were forfeitable.
Notwithstanding Gagliardi's guilty plea, the government did not
pursue an order of criminal forfeiture, apparently due to
Gagliardi's limited financial resources.
Five months after this court affirmed Gagliardi's
conviction, Gagliardi filed a motion under Fed. R. Crim. P.
41(e) seeking the return of approximately $2600 that was seized
from him at his arrest. The motion alleged that the money did
not constitute the proceeds of narcotics or other illicit
activity and lawfully belonged to Gagliardi. Gagliardi also
asserted that he was entitled to the equitable return of the
money because he had never received notice of a forfeiture. 
The government filed an opposition to Gagliardi's
motion which alleged that the district court lacked
jurisdiction because the money had been administratively
forfeited after due notice to Gagliardi. In support of its
assertions, the government submitted a "Computer Asset Program
printout" which, according to the unsworn allegations of the
Assistant U.S. Attorney, showed that a forfeiture notice had
been sent to Gagliardi at the Plymouth County House of
Corrections (PCHC) on December 12, 1994. The government also
submitted a copy of the DEA's Declaration of Forfeiture. This
simply announced that the DEA had declared the money forfeited
on January 27, 1995, after notice had been issued in accordance
with 19 U.S.C. 1607 and absent receipt of any claims to the
funds.
The government's opposition did not include any
evidence which showed that the forfeiture notice mailed to
Gagliardi had been received by anyone. Nor did it include
proof that Gagliardi was indeed incarcerated at the PCHC when
the forfeiture notice was issued. Nevertheless, before
Gagliardi had sufficient time to reply, the district court
entered a margin order that summarily denied his Rule 41(e)
motion for the reasons stated in the government's opposition. 
Three days later, the court docketed Gagliardi's reply. 
Therein Gagliardi argued that the district court had
jurisdiction because the government had failed to prove that he
had received notice of the forfeiture, even though he did not
deny that he was incarcerated at the PCHC when the notice was
sent there. Gagliardi asked the district court either to
direct the government to prove that he personally received
notice of the forfeiture or to return the money to him. One
week after filing that reply, Gagliardi filed a timely notice
of appeal from the order denying his Rule 41(e) motion.
After Gagliardi filed his notice of appeal, but
before his appeal was docketed in this court, the government
supplemented its opposition by filing an affidavit by Vicki L.
Rashid, Acting Forfeiture Counsel of the DEA, in the district
court. Attorney Rashid averred that, according to the DEA's
file, on December 12, 1994, the DEA sent written forfeiture
notices by certified mail to Gagliardi at the PCHC and at his
former home address (i.e, 102 Wellesley Street, Medford, MA). 
Copies of the forfeiture notices and the signed return receipts
evincing delivery of same were attached to Rashid's affidavit. 
However, the return receipts showed that on December 24, 1994,
someone other than Gagliardi signed for the notice that was
sent to the PCHC. On December 22, 1994, another unidentifiable
individual with the apparent last name of "Gagliardi" signed
for the forfeiture notice that was sent to Gagliardi's home. 
Attorney Rashid further averred that notices of the forfeiture
and the procedures for filing a claim were published in USA
Today on 12/21/94, 12/28/94, and 1/4/95 and that the DEA
declared the money forfeited after the claim period expired
without a response. Gagliardi filed nothing in response to
Rashid's affidavit. 
II.
On appeal, Gagliardi argues that the district court
erred by denying his motion before he had a chance to reply to
the government's opposition and that the order denying relief
was unwarranted because there is a genuine issue of material
fact as to whether he actually received notice of the
forfeiture. In contrast, the government argues that its
efforts to provide Gagliardi with notice satisfied due process
and that any procedural error that the district court might
have made was harmless. 
We agree that the district court erred procedurally.
It is well established that district courts have jurisdiction
to review collateral due process attacks on administrative
forfeitures. Where criminal proceedings have concluded, a
district court should treat a Rule 41(e) motion that mounts
such an attack as a civil complaint for equitable relief from
the forfeiture. See, e.g., United States v. Marolf, 1999 WL
198913 at *2, to be reported at 173 F.3d 1213, (9th Cir.
1999); Boero v. DEA, 111 F.3d 301, 303-05 & n. 1 (2d Cir.
1997); United States v. Rodgers, 108 F.3d 1247, 1250 & n. 4
(10th Cir. 1997); United States v. Giraldo, 45 F.3d at 511;
United States v. Woodall, 12 F.3d at 793; United States v.
Mosquera, 845 F.2d 1122, 1126 (1st Cir. 1988)(per curiam); 
Willis v. United States, 787 F.2d 1089, 1092-93 (7th Cir.
1986). 
In a similar case, United States v. Mosquera, 845
F.2d at 1125-26, this court held that the district court should
not have summarily denied a prisoner's post-conviction motion
for the return of property based only on the government's
conclusory allegations that the prisoner received actual notice
of the forfeiture, as evidenced by the fact that a petition for
remission had been filed. Here, the government's original
opposition and supporting documents contained little more than
the sort of conclusory allegations held insufficient in
Mosquera. Moreover, here, as in Mosquera, the district court
did not wait for Gagliardi to file a response to the
government's opposition before it denied relief. This was
error. See, e.g., Viqueira v. First Bank, 140 F.3d 12, 16-17
(1st Cir. 1998)(citing Berrios v. Department of the Army, 884
F.2d 28, 33 (1st Cir. 1989)("Where the defendant has challenged
the plaintiff's assertion of federal jurisdiction, under Rule
12(b)(1), the court should give the plaintiff an opportunity to
present facts in support of his jurisdictional contention.")). 
At a minimum, the district court should have waited for the
government to supplement its opposition with proof of the
notice it alleged was sent to Gagliardi and for Gagliardi to
have a reasonable time to reply. 
Nevertheless, having carefully reviewed Gagliardi's
reply to the government's opposition, as well as his brief on
appeal, we conclude that this procedural error was harmless. 
Even if we were to assume that notice, by certified mail,
admittedly sent to and received at the institution at which the
property owner was incarcerated, was constitutionally
inadequate, Gagliardi is not entitled to relief on this record. 
In the context of his plea agreement, Gagliardi has admitted
that all of his assets were forfeitable and that the total sum
for which he was liable exceeded two million dollars. Apart
from the alleged lack of notice, Gagliardi has utterly failed
to state any grounds upon which he could contest this
forfeiture on the merits. Even the Second Circuit has upheld
a forfeiture under similar circumstances. See Adames v. United
States, 171 F.3d 728, 732-33 (2d Cir. 1999)(affirming summary
judgment for government despite fact that forfeiture was
preceded by inadequate notice where claimant's plea allocution
established currency's forfeitability). See also United States
v. Dennino, 103 F.3d 82, 85-86 (10th Cir. 1996)(upholding
forfeiture despite alleged due process violation where claimant
had no basis to defeat forfeiture on the merits). Gagliardi's
previous admissions, coupled with his failure to assert any
grounds upon which to attack the forfeiture on the merits,
persuade us that to upset the forfeiture now and put the
government to its proof would be a useless exercise. The
government need only refer to Gagliardi's plea agreement to
prove the validity of the forfeiture.
Thus, to paraphrase the Tenth Circuit, "[u]psetting
the forfeiture because of the alleged procedural faults, when
Mr. [Gagliardi] appears to have no basis for the return of the
property once the faults are remedied in new proceedings, would
serve no purpose other than to waste limited judicial
resources." Dennino, 103 F.3d at 86. We decline to require
such a waste. Thus, we conclude that the denial of relief was
proper on this record, wholly apart from the notice issue that
the district court implicitly resolved in the government's
favor. See Dennino, 103 F.3d at 85, n. 3 (court of appeals may
affirm for any reason supported by the record). 
Affirmed. See Local Rule 27.1.