**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN THOMAS MURRAY,

      Petitioner - Appellant,

v.

RITA MAXWELL, Warden,

      Respondent - Appellee.

No. 99-6063

(W.D. Oklahoma)

(D.C. No. CV-97-1075-C)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

John Thomas Murray seeks to appeal from the district court's order dismissing his 28 U.S.C. § 2254 petition.  He has not obtained a certificate of

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appealability as required by 28 U.S.C. § 2253(c)(1)(A). However, pursuant to Fed. R. App. P. 22(b), we construe his notice of appeal as a request for a certificate of appealability.  See Hoxsie v. Kerby , 108 F.3d 1239, 1241 (10th Cir.), cert. denied , 118 S. Ct. 126 (1997). Because Murray has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny the certificate of appealability.

On March 12, 1995, Murray pleaded guilty in Oklahoma state court to charges of conspiracy, trafficking in illegal drugs, and possession of cocaine with intent to distribute. On March 17, 1995, he was sentenced to 15 years on each count, to run concurrently. He did not appeal. Prior to Murray's guilty pleas, on November 15, 1994, $4,685 in funds claimed by Murray had been ordered forfeited because they were deemed to have been found in close proximity to the drugs. On April 17, 1997, Murray cited this fact in applying for state post-conviction relief based on the Double Jeopardy Clause of the Fifth Amendment. Oklahoma courts held, inter alia, that Murray's claim was waived. Murray subsequently filed the present petition in United States District Court for the Western District of Oklahoma, raising the same argument. The magistrate judge assigned to the case determined that Murray's claim was procedurally barred, and that the claim lacked merit in any event. The district court adopted the magistrate judge's Report and Recommendation in its entirety.

We agree with the magistrate judge that, putting aside any issue of waiver or procedural bar, Murray's substantive claim is meritless:

> [E]ven if the undersigned were to broadly construe the Petitioner's claim as a challenge to the sentencing court's jurisdiction, which is not subject to a state procedural bar, the undersigned finds that he is not entitled to the relief he seeks.  [Citations omitted.]  This is true because the Petitioner's claim is foreclosed by the Supreme Court's decision in  United States v. Ursery   , 518 U.S. 267 (1996), which held that civil forfeitures generally do not constitute punishment for purposes of the Fifth Amendment's prohibition on double jeopardy.  See United States v. Deninno   , 103 F.3d 82, 87 (10th Cir. 1996) . . . .

Appellant's App. at 10-11.

The general rule announced in     Ursery  applies here.  The only exception to the rule  is "where the 'clearest proof' indicates that an      in rem  civil forfeiture is 'so punitive either in purpose or effect' as to be equivalent to a criminal proceeding."   Ursery , 518 U.S. at 289-90 n.3 (quoting    United States v. One Assortment of 89 Firearms   , 465 U.S. 354, 365 (1984)).  Murray, undertaking an analysis of Oklahoma forfeiture statutes, seeks to come within this exception.  He argues that the Oklahoma statutes are punitive in purpose because no default judgment is allowed in forfeiture proceedings; because "the Oklahoma legislature increased the reach and the ease of the forfeiture laws at the same time that it increased terms of imprisonment and fines [for drug crimes]"; and because the breadth of the statutes indicates "an effort by the Legislature to 'stack the deck' in favor of law enforcement agencies."  Appellant's Br. at 12, 14.  He argues that

-3-

the statutes are punitive in effect because they have "a 'punitive' flavor," because they deem scienter relevant, and because they "serve[] the traditional aims of punishment." Id. at 15, 16.

Murray's arguments miss the point. The question here is not whether the Oklahoma statutes have any punitive purpose or effect, but whether they are "so punitive either in purpose or effect as to be equivalent to a criminal proceeding." Ursery, 518 U.S. at 289-90 n.3 (emphasis added). For example, in Ursery the Court noted, in declining to apply the Double Jeopardy Clause, that the statutes in question had "certain punitive aspects."[1] 518 U.S. at 290. That alone is not enough to implicate the Double Jeopardy Clause. In sum, Murray has pointed to nothing that even arguably warrants an exception to the general rule, much less "the clearest proof." Ursery, 518 U.S. at 289 n.3.

---

[1]The Court also noted that the statutes "serve[d] important nonpunitive goals." Ursery, 518 U.S. at 290. Such goals might just as easily be postulated for the statutes in question here. For example, forfeiture statutes (1) "encourage[] property owners to take care in managing their property and ensure[] that they will not permit that property to be used for illegal purposes"; (2) "abate [] nuisance[s]"; and (3) "ensur[e] that persons do not profit from their illegal acts." Id. at 290-91.

Accordingly, we DENY the certificate of appealability and DISMISS the appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge