**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TAMMY CLANTON; UNITED
PHARMACEUTICAL INC., an
Oklahoma corporation,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA ex
rel. The Drug Enforcement Agency,

Defendant-Appellee.

No. 98-6355
(D.C. No. 96-CV-1340)
(W.D. Okla.)

ORDER AND JUDGMENT *

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

Tammy Clanton and United Pharmaceutical Inc. appeal from the district

court's order granting the government's motion to dismiss their second amended

complaint. [1] Their amended complaint sought the return of monies seized and

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The government also filed a motion to dismiss this appeal, contending that the district court's order being challenged here is not a final judgment. Because

(continued...)

administratively forfeited by the Drug Enforcement Administration (DEA). Before the district court, appellants raised both procedural and substantive arguments against the forfeitures. As to the procedural challenges, the district court determined that appellants had been afforded adequate due process, giving them an opportunity to contest the forfeitures administratively. Because appellants failed to timely file their claims and cost bond to contest the forfeitures, however, the court determined that it had no jurisdiction to consider appellants' substantive arguments challenging the forfeitures.

On appeal from that decision, appellants raise five issues. They contest the district court's conclusion that it lacked jurisdiction to hear their substantive claims and present arguments challenging the validity of the forfeitures. They also contend they were not afforded adequate notice of the forfeitures and argue that the DEA's refusal of their claims and cost bond, filed with that agency one day after the deadline, was arbitrary and in bad faith. Finally, they seek an order directing the district court to issue a writ of mandamus to the DEA requiring it to rule on their pending petitions for remission of the forfeitures. The DEA has since ruled on the petitions for remission and appellants have already appealed that decision; therefore, this last issue is moot.

<hr>

[1](...continued)
the district court subsequently certified its ruling pursuant to Fed. R. Civ. P. 54(b), the government's motion to dismiss is denied.

Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. We review the district court's decision under the usual appellate standards, applying a *de novo* review to determinations of law and examining the court's findings of fact for clear error only. *See Pierce v. Underwood*, 487 U.S. 552, 558 (1988). [2] We agree with the district court's legal determination that, so long as appellants received adequate due process with respect to the forfeitures, their failure to timely file claims and a cost bond constitutes waiver of any substantive challenges to the forfeitures themselves. *See United States v. Deninno*, 103 F.3d 82, 84-85 (10th Cir. 1996). Therefore we proceed to examine appellants' due process arguments.

Appellant Tammy Clanton is the president and sole owner of United Pharmaceutical, where her husband, Darrin Clanton, works. During an inspection and subsequent warranted searches of both the business premises and home of the Clantons, the DEA seized property including a computer, inventories of pseudoephedrine tablets, records, currency and cashier's checks. Appellants subsequently filed petitions in federal district court seeking return of the monies and other property. The DEA sent notices of forfeiture in connection with the

---

[2] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

seizures of the currency and checks to either or both of the Clanton's home and business addresses, and published notice as well. The record evidences that at least one of the notices was received by Tammy Clanton, as president of United Pharmaceutical. *See* R. Vol. II-A at 245. The DEA also sent a letter to appellants' counsel, referencing the seizures by number and description, and giving appellants twenty days from the date of the letter to file their claims and cost bond to challenge the forfeitures. Appellants sent their claims of ownership and a corporate check for the cost bond to the DEA. The DEA returned the claims and the check, informing appellants in a second letter that certified funds or a cashier's check were required to post the bond. That letter gave appellants yet another twenty days to file their claims and proper cost bond. One day after this extended deadline, the DEA received a phone call from appellants' counsel's office requesting that someone retrieve the cost bond monies from an unspecified local Western Union Office. The DEA declined this request, and appellants ultimately filed their claims and cost bond later that day. The DEA rejected the claims and cost bond as untimely filed, but construed them as a petition for remission.

On appeal, appellants contend that: 1) the DEA's first letter did not inform them of the need for certified funds; 2) the DEA's second letter did not adequately notify them of the second deadline; 3) the DEA's refusal to accept the

claims and cost bond one day after the deadline was arbitrary and in bad faith; and 4) they never received proper notice of the forfeitures before they filed their federal petitions. Additionally, appellants complain that the letters from the DEA were insufficient as notice of the forfeitures, and assert that they made good faith efforts to get their claims and proper cost bond to the DEA by the deadline date.

The district court found that the DEA employed reasonable means to give notice to appellants of the forfeitures. Our review of the record on appeal convinces us that this finding is not clearly erroneous. Further, appellants do not--and cannot, on this record--contend that they lacked actual notice of the forfeitures. *See United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1317 (10th Cir. 1994). We also agree with the district court's ultimate conclusion that appellants were afforded adequate due process. They suffered no prejudice from the DEA's first letter because they were given an extension in which to file their claims and a proper cost bond. The record belies appellants' contentions that the second twenty-day extension was not clearly expressed in the letter, but "hidden" on the second page. Finally, the DEA is not obligated to accept late filings as a result of good faith efforts.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge