**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VIRGIL EARL NELSON,

    Defendant - Appellant.

No. 05-6091
(W.D. Oklahoma)
(D.C. No. CR-03-06-M)

_____

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Virgil Earl Nelson, appearing *pro se*,[1] appeals from the district court's denial of his Motion for Return of Property Pursuant to Federal Rule of Criminal

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

Procedure 41(g). Exercising jurisdiction under 28 U.S.C. § 1291, we REVERSE and REMAND.

**Discussion**:

In January 2001, federal agents initiated a lengthy investigation into possible criminal activities of the Oklahoma chapter of the Outlaws Motorcycle Club (OMC). During the investigation, agents executed several search warrants at various locations seeking evidence of, *inter alia*, methamphetamine manufacturing and distribution. The federal agents seized various items including firearms, ammunition, drug paraphernalia, components and equipment used to manufacture methamphetamine, and documents containing OMC organizational information. Included in this material were cameras, computers, personal photos and papers, as well as clothing and accessories associated with the OMC. Various items of Nelson's personal property were among those seized.

On May 8, 2003, Nelson was indicted for various offenses including methamphetamine production. On February 9, 2004, he pled guilty to attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to 240 months imprisonment on May 19, 2004. Nelson filed an appeal of his sentence on May 28, 2004, based on *United States v. Booker*, 543 U.S. 220 (2005).[2] On January 3, 2005, Nelson filed a Motion for Return of

---

[2] *See United States v. Nelson*, (04-6182).

-2-

Property Pursuant to Federal Rule of Criminal Procedure 41(g).[3] The government responded by asking to retain the property until Nelson's direct appeal was final. The district court denied Nelson's motion on February 14, 2005.

On appeal, Nelson argues the district court abused its discretion by not granting his Rule 41(g) Motion and ordering the return of property unreasonably retained by the government. The government argues the present appeal is moot because "the government is prepared to initiate the return of [Nelson's] property." (Appellee's Br. at 7.) The government concedes the "return of [Nelson's] property is not unreasonable at this time." (*Id*. at 6.) It even goes so far as to suggest "that a scheduling order could be entered by the district court, either by agreement of the parties or pursuant to a hearing on the matter before the district court . . . ." (*Id*. at 8.) Nelson objects that such statements are "more rhetorical than real." (Appellant's Reply Br. at 2-3.)

### I. Mootness

"We address the issue of mootness as a threshold question because in the absence of a live case or controversy, we have no subject-matter jurisdiction over an appeal." *In re BCD Corp.*, 119 F.3d 852, 856 (10th Cir. 1997). "A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1254 (10th

---

[3] Prior to December 1, 2002, Rule 41(g) was Rule 41(e), with minor stylistic differences. *See Clymore v. United States*, 415 F.3d 1113, 1114 n.1 (10th Cir. 2005).

Cir. 2001) (internal quotation omitted).

While the government expresses a willingness to return the property, it has not actually done so. *See F.E.R. v. Valdez*, 58 F.3d 1530, 1534 (10th Cir. 1995) (Case moot where government actually "returned the files and [could not] simply decide to confiscate them again without a warrant issued by a detached and neutral magistrate."). Nor does the government's proffer of potentially available future legal avenues serve to moot the present appeal, as it has not instituted any binding proceedings aimed at returning the property. *See Longstreth v. Maynard*, 961 F.2d 895, 900-01 (10th Cir. 1992) ("[V]oluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," unless it can "be said with assurance that there is no reasonable expectation that the wrong would be repeated.") (internal quotations omitted). Thus, Defendant's motion under Rule 41(g) is not moot simply because the government states that it is "*prepared to initiate*" the return of the property, especially where it equivocates its position by characterizing the return as "not unreasonable *at this time*." (Appellee's Br. at 6 (emphasis added).) The government's statements, so qualified, have no binding effect on the government and do not guarantee the return of Nelson's property. Consequently, this appeal is not moot.

## II. Rule 41(g) Motion

Rule 41(g) provides, in part, that "[a] person aggrieved by an unlawful

search and seizure of property or by the deprivation of property may move for the property's return." A Rule 41(g) motion is governed by equitable principles. *Floyd v. United States*, 860 F.2d 999, 1002-03 (10th Cir. 1988) (discussing former Rule 41(e)). The defendant bears the burden of establishing under Rule 41(g) that "the retention of the property by the government is unreasonable . . . ." *In re Matter of Search of Kitty's East*, 905 F.2d 1367, 1375 (10th Cir. 1990). We review a district court's denial of a Rule 41(g) motion for an abuse of discretion. *United States v. Deninno,* 103 F.3d 82, 84 (10th Cir. 1996) (applying former Rule 41(e)). A district court abuses its discretion where it "fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

Judging by the list of objects presented in Nelson's Rule 41(g) Motion and his filings before this Court, several of the objects appear on their face to be innocuous and irrelevant to the government's asserted interest in maintaining possession for possible resentencing. Thus Nelson met his initial burden of establishing that the continued retention of those items by the government is unreasonable, at least on its face. However, no justification for the continued retention of those items was offered other than the possibility of use in resentencing. While the government has a legitimate interest in maintaining control of property relevant to the prosecution and sentencing of a defendant until

his criminal proceedings are final,[4] it must establish the property seized is actually relevant to that process. The government cannot simply rely on the possibility of resentencing to justify retaining all property seized, especially that of an apparently innocuous and irrelevant nature.

The district court abused its discretion in denying Nelson's Rule 41(g) Motion without differentiating between the obviously relevant and facially irrelevant property seized and retained by the government.[5] Rather, confronted with the retention of apparently innocuous and irrelevant property, the court should have required the government to state its reasons for retaining Nelson's property with respect (at least) to the classes of property at issue.

**REVERSED** and **REMANDED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[4] Toward this end, Rule 41(g) specifically provides that if the district court "grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

[5] Rule 41(g) requires that "[t]he court must receive evidence on any factual issue necessary to decide the motion."