**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EUGENE ISIAH ROBERTS,

Defendant-Appellant.

No. 07-6226
(D.C. No. 5:02-CR-00070-D-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

Eugene Isiah Roberts appeals the denial of his motion under Fed. R. Crim. P. 41(g) (formerly Fed. R. Crim. P. 41(e)) for the return of $1,257,280 in United States currency, jewelry, watches, and documents that were seized in connection with his arrest and conviction on drug charges. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

In the district court, the government introduced documents that supported a finding of three seizures of currency totaling $1,192,280: a February 15, 2002, seizure of $13,280 from Mr. Roberts' residence; a February 22, 2002, seizure of $1,077,000 from Mr. Roberts' residence; and a February 22, 2002, seizure of $102,000 from a car driven by someone other than Mr. Roberts.[1] All of these amounts were the subject of forfeiture proceedings, with $13,280 being judicially forfeited to the State of Oklahoma in an Oklahoma state court proceeding, $1,077,000 being judicially forfeited to the United States in federal district court, and $102,000 being administratively forfeited to the Drug Enforcement Administration (DEA). The government also acknowledged that jewelry, watches, and documents had been seized, but argued that those items were, and always had been, in the custody of the Oklahoma City Police Department rather than the federal government.

The district court declined to exercise jurisdiction over the Rule 41(g) motion, indicating that Mr. Roberts had adequate remedies at law and that the federal government did not have possession of the remaining property. Accordingly, it dismissed the motion. Mr. Roberts appeals.

---

[1] The government asserted that $1,192,280 was the total of all currency seized and that no agent or authority had any knowledge of the additional $65,000 that Mr. Roberts claimed was seized. Mr. Roberts has not presented any evidence to undermine these assertions.

### *Payment of Fees*

Mr. Roberts claims that he was improperly assessed a filing fee for this action. He argues that his motion is made pursuant to the Federal Rules of Criminal Procedure and thus does not count as a "civil action" subject to the Prison Litigation Reform Act.

Once the criminal proceedings have ended, a Rule 41(g) motion is treated as a civil equitable proceeding. *See United States v. Madden*, 95 F.3d 38, 40 (10th Cir. 1996); *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996). Thus, the Clerk did not err in informing Mr. Roberts that he must pay the filing fee or move for leave to proceed without prepayment of the fee. Mr. Roberts's request for the refund of his filing fee is denied.

### *Analysis*

Generally we review the denial of a Rule 41(g) motion for an abuse of discretion. *See United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996). Here the district court dismissed the motion, however, so our review is de novo. *See United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1181 (10th Cir. 2005) (reviewing de novo the dismissal of a Rule 41(g) motion for lack of subject matter jurisdiction).

### *Judicial Forfeitures*

The sums of $13,280 and $1,077,000 were judicially forfeited in state and federal proceedings, respectively.

A Rule 41(g) motion is available only where a movant does not have an adequate remedy at law. With regard to the state proceedings, "[a]ssuming [the movant] has state avenues of relief open to him, he cannot show an inadequate remedy at law." *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999); *see also United States v. Copeman*, 458 F.3d 1070, 1073 (10th Cir. 2006). Mr. Roberts has not shown that he has no state avenues of relief.

With regard to the federal proceedings, Mr. Roberts has an adequate remedy at law in the form of a Fed. R. Civ. P. 60(b) motion. "A Rule 41([g]) motion is an inappropriate vehicle for challenging a judicial forfeiture; the proper vehicle is a motion for relief of judgment under Rule 60(b) of the Federal Rules of Civil Procedure." *Rodriguez-Aguirre*, 414 F.3d at 1182. "Because [the movant] did not challenge the forfeiture by filing a Fed. R. Civ. P. 60(b) motion in the civil forfeiture proceeding, the district court was correct to deny relief." *Madden*, 95 F.3d at 40.

*Administrative Forfeiture*

The sum of $102,000 was administratively forfeited to the DEA. "We have held that where the property sought to be returned has been administratively forfeited, the Court should not exercise Rule 41([g]) jurisdiction if the movant has failed to challenge the forfeiture through the appropriate administrative and judicial procedures." *Deninno*, 103 F.3d at 84. This court may, however,

-4-

consider "collateral due process attacks; that is, deciding whether the forfeiture offended due process rights." *Id.*

There is no indication that Mr. Roberts has challenged the forfeiture through the appropriate procedures. But this claim does involve a collateral due process attack: the government's filings indicate that Mr. Roberts may not have been given constitutionally adequate notice of the forfeiture proceeding. The DEA knew he was in jail, so appropriately it mailed notice there. *See Clark*, 84 F.3d at 381 ("When the government is aware that an interested party is incarcerated, due process requires the government to make an attempt to serve him with notice in prison."). The notice, however, had an error in the address and was returned undelivered. We need not decide whether this unsuccessful attempt was constitutionally sufficient. *See id.* (finding that notice mailed to jail was constitutionally adequate even though prisoner did not receive it). Even assuming insufficient notice and moving to the merits, the district court did not abuse its discretion in declining to adjudicate the motion because the motion "does not offer any plausible legal theories upon which to challenge the forfeitures." *Deninno*, 103 F.3d at 85.[2] While Mr. Roberts argues that he should have been

---

[2] In *Clymore*, we held that *Deninno* was not controlling where the statute of limitations for commencing a forfeiture has expired. 164 F.3d at 573. Although more than five years have passed since the seizures at issue, *see* 28 U.S.C. § 2462 (establishing a five-year limitation period for civil forfeitures), there is no limitations problem in this case. *See* 18 U.S.C. § 983(e)(2)(A) ("Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion
(continued...)

-5-

given the opportunity to amend his pleadings before dismissal, he fails to show that any amendments would not have been futile.

*Remaining Property*

Finally, Mr. Roberts requests the return of his jewelry, watches, and documents.  It is undisputed that this property is not in the custody of federal authorities, but instead was seized by and, to the extent it has not already been destroyed, is still in the custody of the Oklahoma City Police Department.  There are only

> limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities.  Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.

*Clymore*, 164 F.3d at 571.  Mr. Roberts has not shown that any of these circumstances exist in this case. He contends that his motion is proper because, when he faced federal charges, his property *should* have been transferred to federal authorities.  We disagree.  *Cf. Copeman*, 458 F.3d at 1072 (rejecting the idea that federal prosecution confers constructive possession of property seized by

---

[2](...continued)
[to set aside an administrative declaration of forfeiture due to lack of written notice] the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.”); *see also* 28 U.S.C. § 2462 (allowing exception to five-year limitations period where Congress has provided otherwise).

a state, even if the item is not being held as potential evidence in a federal prosecution).

The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge