Robert BYE, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 708, Docket 96–6170.

United States Court of Appeals,
Second Circuit.

Submitted Dec. 17, 1996.

Decided Feb. 3, 1997.

Robert Bye, White Deer, PA, Petitioner–Appellant pro se.

Kathleen M. Riedy, Assistant United States Attorney, New York City (Mary Jo White, United States Attorney for the Southern District of New York, Steven M. Haber, Assistant United States Attorney, New York City, on the brief), for Respondent–Appellee.

* Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation.

Before KEARSE and CARDAMONE, Circuit Judges, and POLLACK, District Judge *.

PER CURIAM.

Petitioner *pro se* Robert Bye appeals from a final judgment of the United States District Court for the Southern District of New York, Denise Cote, *Judge,* dismissing his petition seeking to set aside a judgment entered in an administrative forfeiture proceeding. Bye was arrested on drug charges in Maryland on October 31, 1989, and his petition asserted that $23,280 in United States currency was seized from his home and that the government had not timely initiated an administrative forfeiture proceeding. The government produced evidence that such a proceeding had in fact been initiated by the Federal Bureau of Investigation shortly after Bye's arrest; that several notices of the proceeding had been sent; and that all seized funds ($17,504.35, according to the government) had been administratively forfeited in May 1990. Bye argued that he had not received notice of the proceeding and hence that the forfeiture violated his right to due process. For the reasons below, we conclude that one of the notices sent was sufficient, and we affirm the judgment.

In *Torres v. $36,256.80 U.S. Currency,* 25 F.3d 1154 (2d Cir.1994) (*"Torres"*), we noted that, in order to comply with the Due Process Clause,

"notice [must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." ... "[W]hen notice is a person's due .... [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt."

*Id.* at 1161 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 315, 70 S.Ct. 652, 657, 657–58, 94 L.Ed. 865 (1950)). *Torres,* like the present case, involved the sufficiency of the government's forfeiture notice to a person in federal custo-

dy. In that case, the plaintiff's husband Rafael Torres, who was at least the nominal owner of the funds in question, was a convicted federal prisoner. In connection with the proposed forfeiture of those funds, the United States Drug Enforcement Administration ("DEA") published notices in a newspaper, and it sent notice-of-seizure letters to Rafael by certified mail to his last known home address and to a county prison from which he had, by then, been moved. The letter sent to the county prison was returned to the government stamped "Not at Chester County Prison"; the other letter was also returned to the government undelivered; no other notification letters were sent. We ruled that the notices sent by the government "were not reasonably calculated to notify Rafael, the nominal owner, and therefore did not meet the minimum standards prescribed by the Due Process Clause." 25 F.3d at 1157. We noted that

> the DEA knew its letters had not succeeded in notifying Rafael. Furthermore, if the DEA had desired to give Rafael actual notification, a simple call to the Bureau of Prisons would have sufficed to reveal where Rafael was serving his sentence. The DEA's assertion that "No other location of incarceration for Mr. Torres was known to DEA" may have been true, but this was easily curable. Rafael was residing at a place of the government's choosing, not his own.

*Id.* at 1161.

The present case is to some extent similar to *Torres*. During the period in which Bye was a pretrial detainee in federal custody, the government published notices of the seizure and impending forfeiture in a Baltimore newspaper, and it sent notices of the intended forfeiture by certified mail. The notices sent to Bye's preincarceration addresses and to the Baltimore City Jail were returned as undeliverable; the government did not send a notice to Bye at the federal detention center at which he was being held. To that extent, the present case parallels *Torres*, and we continue to be mystified as to why an agency of the United States Department of Justice seeking to give constitutionally adequate notice could not determine the current whereabouts of a person who is in the custody of another agency of the same Department.

Nonetheless, we conclude that the present case is distinguishable from *Torres*, for in addition to the notices described above, which were returned as undeliverable, the government sent notice to the attorney who represented Bye in his then-pending related criminal proceeding. The government received a return receipt indicating that that notice had in fact been received. Thus, in contrast to *Torres*, Bye was a pretrial detainee involved in an ongoing proceeding in which he was represented by counsel; a copy of the notification letter was sent to his counsel; and that notice did not go undelivered, but instead its receipt was acknowledged. We conclude that the notice sent to Bye's attorney was reasonably calculated, in the circumstances, to apprise Bye of the pendency of the administrative forfeiture proceeding and to afford him an opportunity to present his objections. Accordingly, he received due process.

We have considered all of Bye's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.