# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

————————

No. 96-2158SI

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Southern District |
| | * | of Iowa. |
| | * | |
| William Lee Cupples, | * | |
| | * | |
| Appellant. | * | |

————————

Submitted: February 11, 1997

Filed: April 23, 1997

————————

Before RICHARD S. ARNOLD, Chief Judge, HANSEN, Circuit Judge, and BATTEY,[*]
Chief District Judge.

————————

RICHARD S. ARNOLD, Chief Judge.

In early 1995, after an uncontested civil forfeiture proceeding, the Drug Enforcement Administration declared $24,410 of money claimed by William Lee Cupples administratively forfeited to the government. Cupples later moved for the return of his property, arguing that he had not received adequate notice of the administrative proceeding. The District Court denied his motion, and this appeal followed. We reverse and remand this proceeding so

———————————————

*The Hon. Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota, sitting by designation.

that the District Court can determine whether or not Cupples received actual notice of the administrative forfeiture proceeding.

## I.

In November 1994, a Utah state trooper stopped a pick-up truck on suspicion of drunk driving. While searching the truck, he discovered 20 ounces of methamphetamine and three pounds of marijuana. The passenger in the truck claimed that he was on his way to deliver the drugs to William Lee Cupples. Utah law- enforcement officers used this information to obtain a search warrant for Cupples's residence in Des Moines, Iowa. The officers then had the passenger deliver the drugs to Cupples's residence and executed the search warrant as soon as the passenger entered the house.

In their search of the house, the officers discovered and seized a small quantity of drugs and $24,410 in U.S. currency. Cupples was eventually arrested and charged with conspiracy to distribute methamphetamine and marijuana in violation of 28 U.S.C. § 846, and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The government also sought criminal forfeiture of the money from Cupples's residence, claiming it to be the proceeds of drug transactions. Three days after the return of the indictment on December 16, 1994, the Drug Enforcement Administration instituted a parallel administrative proceeding seeking the forfeiture of the same money.

On December 24, 1994, a notice advising Cupples of the administrative forfeiture proceeding was delivered to his house by certified mail and signed for in Cupples's name by Dave Boudreau, who was living at Cupples's house at the time. The notice advised that administrative forfeiture proceedings were under way and that

Cupples could challenge the forfeiture by submitting a petition for remission or mitigation within 30 days of the receipt of the notice or by making an appropriate filing in federal district court within 20 days of the publication of the notice of forfeiture in the December 28, 1994, edition of U.S.A. Today. Cupples claims, and the District Court assumed, that Boudreau neglected to tell Cupples about the notice. Consequently, Cupples failed to challenge the administrative forfeiture, resulting in the issuance of a Declaration of Forfeiture approximately a month after the notice of the forfeiture proceeding was delivered to Cupples's residence.

Meanwhile, Cupples was contesting the criminal charges against him. He entered a plea of not guilty to the drug charges on the same day that the Notice of Seizure was delivered to his house. He also moved in the criminal case for the return of his property shortly after the final date for challenging the administrative forfeiture but before the government issued the Declaration of Forfeiture. A hearing was held on the same day, and the motion was denied. The government did not inform Cupples, his attorney, or the District Court at this time of the parallel civil forfeiture proceedings. Two months after the entry of his plea, Cupples's trial on the drug charges began. Both he and his grandmother testified at the trial that his grandmother had lent him the money that the officers seized from his house to help with his auto-sales business. The jury acquitted Cupples of the drug charges, and the court then dismissed the criminal forfeiture count. It was only when Cupples tried again to get his money back that he discovered that the money had been civilly forfeited to the government. Cupples then moved for the return of his property in the District Court, arguing that the government violated his due process rights because it never provided him or his counsel with actual notice of the administrative forfeiture proceeding. The District Court denied his motion, and this appeal followed.

II.

The District Court assumed, as alleged, that Cupples and his counsel never received actual notice of the administrative forfeiture proceeding. Nevertheless, it held, and the government argues, that notice sent by certified mail to Cupples's residence was enough to satisfy the government's constitutional obligations. This Court has previously held to the contrary. In United States v. Woodall, 12 F.3d 791, 794-95 (8th Cir. 1993), this Court held that "if the government is incarcerating or prosecuting the property owner when it elects to impose the additional burden of defending a forfeiture proceeding, fundamental fairness surely requires that either the defendant or his counsel receive actual notice of the agency's intent to forfeit in time to decide whether to compel the agency to proceed by judicial condemnation."

The government attempts to distinguish Woodall by pointing out that in that case, the government sent the notice of forfeiture to the wrong address, a circumstance not present in this case. The rule of law announced in Woodall, however, is not limited to the facts of that case. The case hinged upon the property owner's failure to receive actual notice of the forfeiture, not upon the particular circumstances of the case. When the government is prosecuting someone who is actively contesting the criminal charges against him, including a count of the indictment seeking forfeiture, but who is not contesting the civil forfeiture proceedings against him, the government both knows the identity of the property owner's lawyer and has some idea that the defendant may not know of the parallel administrative forfeiture proceedings. Under these circumstances, it is only fair and not unduly burdensome, to require the government to give actual notice to the property owner's counsel or the defendant himself.

The District Court assumed that Cupples did not know of the pending administrative proceedings. Because this case was decided at the pleadings stage, the assumption was entirely proper. It was appropriate for the District Court to assume that the facts were as alleged by Cupples. Whether Cupples did have actual notice, however, is a question of fact. If the government denies Cupples's version of the facts, Cupples should then, on remand, be put to his proof. If the Court then finds that Cupples did not have actual knowledge of the institution of the civil forfeiture proceedings, the proceeding should then continue, with Cupples being given an opportunity to contest the forfeiture either by administrative petition or through a judicial proceeding. If, on the other hand, the Court finds that Cupples did have actual knowledge of the administrative forfeiture proceeding, either because Dave Boudreau told him about it, or for some other reason, the Court should enter judgment confirming the government's declaration of forfeiture.

The judgment is reversed, and the cause remanded for proceedings not inconsistent with this opinion.

It is so ordered.

A true copy.

        Attest:

            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-