# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4088

_____

United States of America,      *
                               *
            Appellee,          *
                               *
      v.                       *
                               *
Five Thousand Dollars in U.S.  *
Currency,                      *
                               *  Appeal from the United States
            Defendant,         *  District Court for the
                               *  Western District of Arkansas
--------------------           *
Jack Pardue,                   *
                               *
            Claimant,          *
                               *
David Pardue,                  *
                               *
            Appellant.         *

_____

Submitted:   April 27, 1999

Filed:   August 30, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

David Preston Pardue appeals from the final judgment entered in the District Court for the Western District of Arkansas in his unsuccessful action to set aside a default judgment against him in a civil judicial forfeiture proceeding. For reversal, Pardue argues the district court erred in (1) concluding that he received adequate notice of the forfeiture action; (2) refusing to impose sanctions on a prison official whose affidavit was submitted in this action; and (3) ruling against him too quickly. For the reasons stated below, we affirm in part, reverse in part, and remand.

In 1991, Pardue was convicted of conspiracy to commit murder for hire. In September 1993, the government filed an in rem complaint for forfeiture of $5,000 paid in furtherance of the murder-for-hire scheme, providing notice of the forfeiture by publication in a county newspaper. In October, when Pardue failed to answer, the government obtained a default judgment against him after offering a certified mail receipt that showed the government had sent notice to Pardue at the Federal Correctional Institute (FCI) in Texarkana, Texas, where he was incarcerated: the notice had been sent in care of FCI's warden, a prison official had signed the return receipt, and the notice had been marked as delivered.

In September 1998, almost five years later, Pardue moved to set aside the default judgment and recover the forfeited money, arguing he never received notice of the forfeiture action and was unaware of it until July 1998 when his parents mailed him relevant information. The government argued that Pardue's motion was not filed within a reasonable time and that its notice satisfied due process. The government's supporting papers included a prison official's affidavit on FCI's policy and practice in handling certified mail addressed to an inmate. According to the official, FCI policy required the signature of both a prison official and the inmate addressee on a mail log, but the mail logs for 1993 had been destroyed.

The district court refused to set aside the default judgment, and Pardue moved for reconsideration, submitting affidavits in which he and others attested that Pardue's

signature documenting receipt of the certified mail did not appear in the relevant mail logs, which in fact existed. Pardue also moved for sanctions against the prison official who had attested that the mail logs were destroyed. The government submitted a second affidavit from the prison official who confirmed that, although a legal-mail log book for September 1993 indicated an FCI counselor had signed for mail addressed to Pardue, the corresponding legal-mail log book kept in the housing unit did not contain an entry documenting actual delivery of the mail to Pardue, as FCI policy required. The prison official clarified that in her first affidavit she had been referring only to the certified-mail log book for 1993, which in fact had been destroyed. The district court denied Pardue's motions for reconsideration and sanctions, concluding that due process did not require that he actually receive notice of the forfeiture, that the service by certified mail was reasonably calculated to apprise him of the forfeiture proceedings, and that the prison official had not acted in bad faith.

We first conclude Pardue's motion to set aside the default judgment was timely, given that the government did not show Pardue knew of the default judgment before 1998. See Fed. R. Civ. P. 55(c) (for good cause shown, court may set aside default judgment in accordance with Rule 60(b)); Fed. R. Civ. P. 60(b)(6) (allowing relief for any other reason justifying relief from operation of judgment; motion shall be made within reasonable time); Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999) (what constitutes "reasonable time" under Rule 60(b)(6) depends on particular facts of case), petition for cert. filed, No. 99-107 (U.S. May 19, 1999). We also conclude that the district court did not abuse its discretion by denying Pardue's motion for sanctions, and we reject his argument that the district court did not wait a sufficient amount of time before making its rulings in this case. See Platt v. Jack Cooper Transp. Co., 959 F.2d 91, 96 (8th Cir. 1992); Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988).

As to the issue of adequate notice, due process requires that the government provide notice "reasonably calculated, under all the circumstances" to apprise interested parties of the pendency of a forfeiture action, and to afford the parties an

opportunity to present their objections. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313-14 (1950). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Id. at 315. Moreover, if the government is incarcerating the property owner when it initiates forfeiture proceedings, we have consistently held that fundamental fairness requires that the property owner or his or her counsel receive actual notice of the forfeiture in time to decide whether to compel the government to proceed by judicial condemnation. See United States v. Cupples, 112 F.3d 318, 320 (8th Cir. 1997); United States v. Woodall, 12 F.3d 791, 794-95 (8th Cir. 1993).

On this record, we cannot determine whether Pardue received actual notice prior to forfeiture. A prison official, not Pardue, signed the return receipt for the certified mail, and FCI's policy of documenting the delivery of certified or legal mail to inmates by signing a log apparently was not followed. Cf. Weng v. United States, 137 F.3d 709, 714-15 (2d Cir. 1998) (notice sent certified mail to interested party's place of incarceration with return receipt signed by prison employee was not adequate notice, unless notice was in fact delivered to interested party). In these circumstances, we conclude the district court abused its discretion in refusing to set aside the default judgment. See Inman v. American Home Furniture Placement, Inc., 120 F.3d 117, 118 (8th Cir. 1997) (standard of review). We thus reverse the default judgment and remand so the government can either reprove its forfeiture case or prove Pardue received actual notice of the forfeiture from someone else (such as a member of his immediate family). See Cupples, 112 F.3d at 320 (remanding for district court to determine whether interested party had actual notice, which is question of fact; if on remand district court finds interested party did not have actual knowledge of institution of forfeiture proceedings, interested party should be given opportunity to contest forfeiture, but if district court finds interested party did have actual knowledge, district court should affirm forfeiture).

-4-

Accordingly, the judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.