# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 99-6488

CHARLES THOMAS ALLEN,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-97-64-K)

Submitted: October 10, 2000

Decided: November 14, 2000

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Charles Thomas Allen, Appellant Pro Se. Lynne Ann Battaglia,
United States Attorney, John Francis Purcell, Jr., OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles T. Allen appeals from the denial of his Fed. R. Crim. P. 41(e) motion, seeking return of administratively forfeited currency seized from his home. Allen alleged that the Government failed to properly notify him of the pending forfeiture. The district court correctly determined that the motion was more properly construed as a Fifth Amendment challenge to the forfeiture. *See United States v. Minor*, ___ F.3d ___, 2000 WL 1288668 (4th Cir. Sept. 13, 2000). Because we find that the notice was adequate, we affirm the order of the district court.

The Government sent three notices informing Allen that the currency had been seized and would be forfeited unless he took steps to contest the forfeiture. The first notice was sent by certified mail to Allen's residence and was returned to sender unclaimed. The second was sent by certified mail to Allen's attorney's* office and was received, as indicated by the return receipt, by "Fern Spence." The third notice was sent certified mail to the Baltimore City Detention Center and was signed for by a Ms. Dunsen. Because we find that the notice served on Allen's attorney was sufficient, we will not address the other notices sent by the Government.

In administrative forfeiture proceedings, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . . . The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). When holding a property owner in custody and at the same time "desirous of actually informing" that owner of the impending forfeiture, the Government is required to prove, not that the prisoner received actual notice, but that the procedures employed were substantially reliable. *See Minor*, 2000 WL 1288668, *6.

---

*This attorney represented Allen in the related, pending criminal case for which Allen was incarcerated and awaiting trial when the currency was forfeited.

We find that service on Allen's attorney was consistent with the actions of one "desirous of actually informing" Allen of the forfeiture. *See Bye v. United States*, 105 F.3d 856, 857 (2d Cir. 1997) (pretrial detainee, whose attorney was served with notice and acknowledged its receipt, was sufficiently notified); *United States v. Cupples*, 112 F.3d 318, 320 (8th Cir. 1997) (Government must prove actual notice to either the property owner or his criminal defense counsel). In addition, the return receipt was signed by someone identifying himself as the Addressee's agent. While Allen belatedly suggests that Fern Spence had no relationship with his attorney, in the district court, Allen merely stated that he did not know Fern Spence, which, absent further allegation that Allen was acquainted with everyone in his attorney's office, was not probative of whether Spence had authority to accept service. With the evidence before it, the district court did not err in determining that Allen's counsel had been properly notified. In any event, the question is not whether Allen or Allen's counsel received actual notice, but rather whether the procedures utilized by the Government were reasonably reliable. We hold that service on Allen's attorney, which was accepted by someone purporting to be the attorney's agent, was sufficient and that, absent any contradictory circumstances, the Government could reasonably assume that Allen had been notified.

Accordingly, we affirm the order of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*