**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frank Anthony LOSTIA, Defendant–
Appellant.**

No. 00–6088.

United States Court of Appeals,
Sixth Circuit.

June 12, 2001.

Before KENNEDY, SILER, and CLAY, Circuit Judges.

Frank Anthony Lostia, a federal prisoner proceeding pro se, appeals a district court order denying his motion for return of property, filed pursuant to Fed. R.Crim.P. 41(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

During a search of Lostia's apartment on April 9, 1997, Drug Enforcement Agency (DEA) officials seized $155,220 in United States currency, and various other items. The currency was administratively forfeited on June 1, 1998, and Lostia was subsequently convicted on July 15, 1998, of possession of cocaine with intent to distribute. His direct criminal appeal is currently pending before this court in Case No. 99–5119. On February 1, 1999, Lostia filed his instant Rule 41(e) motion for the return of "all seized property." The district court denied the motion in part with regard to the $155,220, certain items needed as evidence during the pendency of the criminal appeal, and items seized by state authorities. The district court determined that Lostia had received actual notice before the currency was administratively forfeited, but had not contested the proceedings. As to other property not at issue in this appeal, the district court granted the motion in part and reserved judgment in part. The district court later issued a final judgment in the matter.

Lostia has filed a timely appeal, arguing that he was denied due process because he did not receive any of the notices of forfeiture proceedings sent by the government concerning the $155,220. He contends that notice to his criminal defense attorney was not proper because the attorney did not represent him in the forfeiture proceedings. He also argues that notice was sent to a county jail where he was not incarcerated. Lostia moves for miscellaneous relief.

Initially, we construe Lostia's Rule 41(e) motion as a civil action in equity because Lostia did not file the motion until after he was convicted. *See United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir.), *cert. denied*, —— U.S. ——, 121 S.Ct. 301, 148 L.Ed.2d 242 (2000). Even though Lostia had not timely contested the administrative forfeiture, the district court nonetheless had jurisdiction over the instant motion because Lostia challenged the adequacy of the notice of forfeiture. *See Sarit v. United States Drug Enforcement Admin.* [Sic], 987 F.2d 10, 17 (1st Cir.1993).

This court reviews for an abuse of discretion a district court's order denying a motion for the return of property. *United States v. Duncan*, 918 F.2d 647, 654 (1990). However, whether the government's notice to the defendant satisfies due process is a question of law reviewed de

novo. *Hopi Tribe v. Navajo Tribe,* 46 F.3d 908, 918 (9th Cir.1995).

 For seizures valued at $500,000 or less, the government must send written notice of impending forfeiture proceedings to each party with an interest in the seized article and must also publish notice in a newspaper of general circulation. *See* 19 U.S.C. § 1607. Notice, at the time it is sent, must be reasonably calculated to inform the parties of the proceedings and to allow them an opportunity to respond. *Madewell v. Downs,* 68 F.3d 1030, 1046 (8th Cir.1995); *Sarit,* 987 F.2d at 13. Due process can be satisfied by mailing notice of a forfeiture to a defendant's criminal attorney while the underlying criminal proceeding is pending. *United States v. Cupples,* 112 F.3d 318, 320 (8th Cir.1997); *Bye v. United States,* 105 F.3d 856, 857 (2d Cir.1997); *United States v. 51 Pieces of Real Property, Roswell, NM,* 17 F.3d 1306, 1317 (10th Cir.1994).

 The DEA attempted to notify Lostia in a myriad of ways. On October 20, 1997, the DEA sent "Notice of Seizure" letters by certified mail to Lostia at five addresses under his assorted aliases. Delivery was accepted, although signed for by other individuals, at his criminal defense attorney's office in Nashville, Tennessee, and at a Lyford, Texas address. Delivery was not accepted at the Cumberland County, Tennessee jail. In November 1997, the DEA published notice three times in USA Today. Lostia responded to the DEA through his defense counsel, by sending an affidavit, dated November 24, 1997, acknowledging ownership of the money. The DEA thereafter sent another notice directly to Lostia at the Davison County, Tennessee jail and delivery was accepted by someone at the jail. In a letter to the DEA dated March 17, 1998, Lostia's defense counsel requested additional time to file a claim to contest the forfeiture. The DEA granted an extension, but no further correspondence was received from Lostia or his counsel.

We conclude that due process was satisfied when Lostia received the notice the DEA sent to defense counsel during the pendency of the criminal proceedings. *See Cupples,* 112 F.3d at 320; *Bye,* 105 F.3d at 857; *51 Pieces of Real Property, Roswell, NM,* 17 F.3d at 1317. Lostia's arguments that he did not receive notice are unavailing because of his aforementioned affidavit claiming ownership of the money. Moreover, notice was not inadequate merely because Lostia did not receive notice at every address attempted by the government.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.