**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 00-7533

MICHAEL ANTONIO GOODMAN,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CR-92-1-BO)

Submitted: April 30, 2002

Decided: May 15, 2002

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

### COUNSEL

Michael Antonio Goodman, Appellant Pro Se. Paul Martin Newby,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Goodman filed a motion for return of $6,820.07 in cash, seized by the government pursuant to his arrest in January 1991. The district court denied the motion without discussion; Goodman noted a timely appeal. For the reasons discussed below, we vacate and remand for further proceedings.

Goodman filed the motion for return of property on June 18, 2000. According to the district court's docket sheet, the property was administratively forfeited in February 1994. The Government stated in its response to Goodman's motion that it served a copy of its "motion for destruction of evidence" on Goodman's trial attorney. At the time, Goodman was in federal custody, serving a 241-month sentence for drug and firearms offenses. Goodman contends, and the Government does not refute, that Goodman's trial attorney was no longer representing him at the time notice was served on the attorney.

In administrative forfeiture proceedings, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . . . The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). In *United States v. Minor*, 228 F.3d 352 (4th Cir. 2000), we decided that, when holding a property owner in custody and at the same time desirous of actually informing that owner of the impending forfeiture, the government is required to prove, not that the prisoner received actual notice, but that the procedures employed to provide notice were substantially reliable. *Minor*, 228 F.3d at 358. We noted that, in most cases, the government could meet its burden by showing that: (1) it sent a certified letter, return receipt requested, to the facility where the prisoner was being housed; (2) the return receipt was signed by a prison official; and (3) mail delivery procedures at that facility were reasonably calculated to ensure that the notice would reach the inmate and would be accepted only where the inmate was actually present. *Id. See also Dusenbery v. United States*, ___ U.S. ___, 122 S. Ct. 694 (2002) (holding that due process does not entitle a prisoner to actual notice of an adminis-

trative forfeiture; instead, the question is whether "the notice in this case [was] 'reasonably calculated under all the circumstances' to apprise petitioner of the pendency of the . . . forfeiture"). *Id.* at 701.

Applying this analysis, we find that the Government's notice to Goodman was clearly inadequate. In its response to Goodman's motion, the Government submitted no evidence whatsoever to show that any attempt was made to notify Goodman, who was no longer represented by counsel, of the forfeiture of his property. The Government's unsupported assertion that Goodman "was served with the motion, through his attorney," even if true, is insufficient notice under *Minor* or *Dusenbery*. The "motion for destruction of evidence" was filed more than a year after Goodman was sentenced, *cf. Bye v. United States*, 105 F.3d 856, 857 (2d Cir. 1997) (pretrial detainee, whose attorney was served with notice and acknowledged its receipt, was sufficiently notified), and the Government was aware of Goodman's whereabouts.

However, Goodman's motion may nevertheless be untimely. The applicable limitations period for an action seeking return of forfeited property is six years. 28 U.S.C. § 2401(a) (1994); *United States v. Minor*, 228 F.3d at 359. To decide whether Goodman filed his action outside the six-year limitations period, it is necessary to determine when the cause of action accrued. The cause of action accrues and the limitations period begins to run on the date when the movant first becomes aware that the government declared the property forfeited or when, through an inquiry he reasonably could have been expected to make, he would have been aware of the forfeiture. *Id.* at 359. In this case, the record is not sufficiently developed to determine when the cause of action accrued.

We therefore vacate the district court's order denying relief on the motion for return of property and remand to the district court for a determination of when the cause of action accrued and whether Goodman's motion was timely filed. If the motion was timely, Goodman should be permitted to proceed with his action.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*