**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry BURKS, Defendant–Appellant.**

No. 01–3620.

United States Court of Appeals,
Sixth Circuit.

Oct. 24, 2002.

Before MARTIN, Chief Judge; RYAN, Circuit Judge; and COHN, District Judge.*

### ORDER

Larry Burks appeals a district court judgment denying his motion for the return of property filed pursuant to Fed. R.Crim.P. 41(e). The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Burks was arrested on August 7, 1996, following a two-kilogram transaction with his cocaine supplier. Pursuant to a search warrant, federal agents seized from Burks's residence powder cocaine, crack cocaine, plastic baggies, a triple beam scale, baking soda, $26,410 in United States currency, and jewelry. During the investigation leading to his arrest, Burks leased a 1990 Mercedes–Benz automobile from a leasing company that was part of an undercover FBI operation. Burks was indicted for drug trafficking, money laundering, and forfeiture. The government served notice of its intent to forfeit, and consummated the forfeiture of the currency, jewelry, and Mercedes automobile. Thereafter, a federal jury found Burks guilty of conspiring to possess with intent to distribute cocaine in violation 21 U.S.C. § 846, possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841, and money laundering in violation of 18 U.S.C. § 1956. The district court sentenced Burks to life imprisonment. This court affirmed Burks's judgment of conviction and sentence.

On October 29, 1998, Burks filed a motion for return of property, including cash, jewelry and the Mercedes automobile. The district court denied the motion on November 25, 1998, by marginal entry without holding a hearing or making either factual findings or legal conclusions. This court vacated the forfeiture by marginal order and remanded for a hearing on the Rule 41 motion for return of property as well as findings of fact and conclusions of law. *United States v. Burks,* 5 Fed.Appx. 449 (6th Cir.2001).

Upon remand, the district court appointed counsel to represent Burks and conducted an evidentiary hearing with regard to the administrative forfeiture of Burks's property. At the conclusion of that hearing, the district court found that: 1) the notices of intent to administratively forfeit the money, jewelry, and Mercedes were properly given; 2) no claims were filed on behalf of the property; and 3) the property was appropriately declared administratively forfeited to the United States pursuant to 19 U.S.C. § 1609. Accordingly, the district court granted the government's motion for summary judgment and denied

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

Burks's motion for the return of property. Burks appeals.

On appeal, Burks contends that: 1) he was denied due process of law because the government failed to give him actual notice of its intent to forfeit the property; 2) the district court erred in granting the government's motion for summary judgment because the government did not move for summary judgment in accordance with the civil rules of procedure; and 3) the district court erred in not ordering the return of the money he paid FBI agents for the purchase/lease of the Mercedes automobile. The parties have filed briefs in which they expressly waive oral argument.

Initially, we note that Burks's second appellate issue is not properly before the court. Burks contends that the district court erred by entertaining the government's motion for summary judgment because the government did not move for summary judgment in accordance with the civil rules of procedure. Burks did not raise this issue in the district court because neither he nor counsel objected or requested a continuance with regard to the district court conducting a hearing on the government's request for summary judgment. Absent exceptional circumstances not present herein, an issue not timely raised and ruled upon in the district court will not be reviewed on appeal. *United States v. Ursery,* 109 F.3d 1129, 1137 (6th Cir.1997).

Similarly, we decline to review Burks's third appellate issue. Burks contends that the district court erred in not ordering the return of the money he paid FBI agents for the purchase of the Mercedes automobile. Burks gave an undercover FBI Special Agent (acting as the owner of a leasing company) $40,000 to purchase the Mercedes automobile at auction. The automobile was administratively forfeited. In the district court, Burks moved for the return of the automobile, not the money paid for the automobile. Thus, Burks raises for the first time on appeal his claim that he is entitled to the money he paid for the forfeited automobile. Unless exceptional circumstances are present, however, the court will not address an issue not first raised in district court. *Id.; Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances are present.

This court reviews a judgment granting summary judgment de novo and uses the same standards as used by the district court. *Logan v. Denny's, Inc.,* 259 F.3d 558, 566 (6th Cir.2001). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 378 (6th Cir.1993). The party opposing a motion for summary judgment may not rest upon the mere allegations or denial of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. 2505.

Upon review, we conclude that the district court properly granted summary judgment in favor of the government with respect to the currency, jewelry, and Mercedes automobile. The government provided undisputed evidence that notice of its intent to forfeit the property was served on Burks's retained counsel. Due process can be satisfied by mailing notice of a forfeiture to a defendant's criminal attorney while the underlying criminal proceeding is pending. *Bye v. United States,* 105 F.3d 856, 857 (2d Cir.1997); *United States v. 51 Pieces of Real Prop., Roswell, NM,*

17 F.3d 1306, 1317 (10th Cir.1994). Notwithstanding Burks's contention that he did not receive actual notice, this notice was "reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). This court does not require the government to show that the mail actually reached an inmate in order to satisfy requirements of due process. In light of the foregoing undisputed evidence, Burks was required, yet failed, to produce significant probative evidence to defeat the motion for summary judgment. Thus, summary judgment for the government was proper regarding all personal property, including cash and the automobile.

Accordingly, we hereby affirm the district court's judgment.