An appropriate Order will issue.

**Barton Joseph ADAMS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 3:15–CV–127**
**Case Number 3:09–MJ–24**
**Criminal Case No. 3:08–CR–77**

United States District Court,
N.D. West Virginia,
**Martinsburg.**

Signed April 6, 2016

Barton Joseph Adams, Reston, VA, pro se.

Josephine Artillaga Adams, Reston, VA, pro se.

L. Danae Demasi-Lemon, Michael D. Stein, U.S. Attorney's Office, Wheeling, WV, for Defendant.

### *ORDER RESOLVING MOTIONS*

JOHN PRESTON BAILEY, UNITED STATES DISTRICT JUDGE

Pending before this Court are Barton Adams and Josephine Adams' Emergency Motion for Release and Return of Property [3:15–cv–127, Doc. 1], filed November 17, 2015, petitioners' Motion to Strike Government's Response [Id., Doc. 12], filed February 5, 2016, petitioners' Motion for an Expedited Summary Judgment [Id., Doc. 17], filed February 22, 2016, Barton Adams' Motion to Unseal Case Number 3:09–MJ–24–JES [3:09–MJ–24, Doc. 6], and petitioners' letter motion seeking unsealing of case number 3:09–MJ–24 [3:15–CV–127, Doc. 22; 3;09–MJ–24, Doc. 7; and 3:08–CR–77, Doc. 1522].

### BACKGROUND

In their Emergency Motion, the petitioners seek the return of the sum of $24,764.32, which is the proceeds of HSBC Official Bank Check # 410465177, which check was payable to Josephine Adams and the Adams' son, BA, identifying what the petitioners view as irregularities in the forfeiture of the money. In order to properly analyze the Motion, it is necessary to recount portions of the time line of this case.

Petitioner Barton Adams was originally indicted on November 18, 2008. The original Indictment contained 157 counts, including a number of money laundering counts [3:08–CV–77, Doc. 19]. On March 17, 2009, the Grand jury returned a Su-

perseding Indictment, containing 161 counts, including money laundering counts [3:08–CR–77, Doc. 94]. The Indictment reflects that the Grand Jury specifically found probable cause to believe that Mr. Adams had wire transferred $2,635,033.10 of fraud proceed to foreign bank accounts with the intent to conceal and disguise the funds [Id.].

On July 7, 2009, IRS Special Agent Ryan Korner filed an Application and Affidavit for a Seizure Warrant seeking authority to seize the check for $24,764.32 [3:09–mj–24, Doc. 1]. In his affidavit supporting probable cause for the issuance of the warrant, Agent Korner stated the following:

1. That the funds in question were maintained on deposit at HSBC Bank in Washington, D.C., and are represented by Official Check No. 410465177 dated December 16, 2008. The check is made payable to "BA" and Josephine A. Adams, from the closing balance of account number * * * * * *888, an account held in the names of BA abd Josephine Adams;

2. That the Grand Jury specifically found probable cause to believe that Mr. Adams had wire transferred $2,635,033.10 of fraud proceeds to foreign bank accounts with the intent to conceal and disguise the funds;

3. That under *In re Billman*, 915 F.2d 916, 919 (4th Cir.1990), "for 'the purposes of issuing a restraining order, the probable cause established in the indictment . . . is to be determinative of any issue regarding the merits of the Government's case on which the forfeiture is to be based.' "

4. On November 21, 2008, this Court issued a Protective Order which prohibited the defendant from disposing of any funds without prior permission of the Court. The Order further required the defendant to repatriate the sum of $2,635,033.10 on or before December 15, 2008 or account for the same [3:08–CR–77, Doc. 25];

5. On November 28, 2008, one week after the entry of the Protective Order and without authorization from the Court, Barton Adams entered an HSBC branch office in Washington, D.C. and opened account number * * * * * *888. The account was opened in the names of BA and Josephine Adams.

6. The opening deposit into account number * * * * * *888 was a $9,000 check drawn upon Barton Adams' foreign bank account at HSBC Hong Kong. The only other deposit to the account was a $15,964.32 international bank check/wire transfer from an account controlled by Barton Adams at HSBC Hong Kong.

7. On December 16, 2008, Barton Adams entered the HSBC branch office and closed account number * * * * * * 888. The balance at the time the account was closed was $33,764.32. In violation of this Court's Protective Order, Barton Adams received $9,000 in cash, with the remainder being represented by HSBC Official Check Number 410465177.

[3:09–mj–24, Doc. 1].

On July 9, 2009, the seizure warrant was executed, and the sum of $24,764.32 was wired to the United States Marshal's bank account.

On September 9, 2009, the Government wrote to Barton Adams, in care of his then attorney, and advised him that administrative proceedings had been initiated to perfect the forfeiture. The letter further informed Mr. Adams that notice of the forfeiture would be published in the Washington Times beginning September 16, 2009 [3:15–CV–127, Doc. 21-1].

By letter dated August 9, 2009, the Government wrote to Barton Adams' counsel, Barry Beck, and reminded him that he had been requested to disclose the address of BA and Josephine A. Adams, "which the government needs to send notices of the seizure of $24,764.32 underlying HSBC Official Check No. 410465177, dated December 16, 2008." [3:15–CV–127, Doc. 21–2].

By letter dated August 10, 2009, Barry Beck informed the Government that he was "not at liberty to provide the Government with Mrs. Adams' mailing address." [3:15–CV–127, Doc. 21–3].

The Notice of Seizure was, in fact, published in the Washington Times on September 16, 23, and 30, 2009 [3:15–CV–127, Doc. 21–4].

On March 16, 2010, the Grand Jury returned a Second Superseding Indictment, this time against Barton Joseph Adams and Josephine Artillaga Adams. The Second Superseding Indictment contained 169 counts, including money laundering counts against both defendants. [3:08–CR–77, Doc. 449].

On September 10, 2012, the Internal Revenue Service administratively forfeited the subject property. [3:15–CV–127, Doc. 11–1].

On September 7, 2011, a separate Indictment was brought against Barton Joseph Adams and Josephine Artillaga Adams [3:11–CR–54, Doc. 1]. The Indictment contained 16 counts against Mrs. Adams, including conspiracy to obstruct an official proceeding, conspiracy to obstruct the administration of justice, and obstruction of justice.

On November 17, 2011, Josephine Adams was convicted of all 16 counts contained in the Indictment in 3:11–CR–54 [Doc. 120].

By Order entered August 1, 2012, the Indictment against Barton Joseph Adams in 3:11–CR–54 was dismissed [Doc. 184].

A Third Superseding Indictment was brought against Barton Joseph Adams and Josephine Artillaga Adams on September 18, 2012 [3:08–CR–77, Doc. 1084].

On November 8, 2012, Barton Joseph Adams entered a plea of guilty to Counts Ten (health care fraud) and Thirteen (tax evasion), pursuant to written plea agreement [3:08–CR–77, Doc. 1154]. The plea agreement provides, in part, that the "penalty includes forfeiture of defendant's interest in all property falling within the ambit of the Forfeiture Allegation included in the Third Superseding Indictment," and that the "defendant agrees to the entry of a forfeiture money judgment in the amount of $3,724,721." [3:08–CR–77, Doc. 1152].

On June 19, 2014, the Indictment against Josephine Adams in 3:08–CR–77 was dismissed [Doc. 1329].

On April 29, 2014, the conviction of Josephine Artillaga Adams was reversed by the United States Court of Appeals for the Fourth Circuit [3:11–CR–54, Doc. 245]. Mrs. Adams was dismissed from the Indictment by Order entered July 3, 2014 [Doc. 249].

## DISCUSSION

In their Emergency Motion [3:15–CV–127, Doc. 1], the petitioners argue, inter alia, that:

1. The charges against Josephine Adams in 3:08–CR–77 were dismissed;

2. The seizure warrant was executed without notice to the defendant, without due process and without the required nexus;

3. That the funds represented by Check No. 410465177 were earned by and the property of Josephine Adams;

4. That the Preliminary Order of Forfeiture and the four Indictments in 3:08–

CR–77 do not list or cite 18 U.S.C. § 982(a)(7).

The fact that the charges against Mrs. Adams were dismissed is of no consequence. The charges against Mr. Adams were pending at the time of the seizure. In addition, charges against Mrs. Adams were pending at the time that the administrative forfeiture was accomplished.

■ With respect to notice of the seizure and forfeiture, this Court finds that the Government took reasonable steps necessary to locate petitioner Josephine Adams and "BA." When the Government could not reasonably locate the potential claimants, the Government provided notice by publication. As noted above, the Government wrote to Barton Adams, in care of his then attorney, and advised him that administrative proceedings had been initiated to perfect the forfeiture. The letter further informed Mr. Adams that notice of the forfeiture would be published in the Washington Times beginning September 16, 2009 [3:15–CV–127, Doc. 21–1].

Also, the Government wrote to Barton Adams' counsel, Barry Beck, and reminded him that he had been requested to disclose the address of BA and Josephine A. Adams, "which the government needs to send notices of the seizure of $24,764.32 underlying HSBC Official Check No. 410465177, dated December 16, 2008." [3:15–CV–127, Doc. 21–2].

By letter, Barry Beck informed the Government that he was "not at liberty to provide the Government with Mrs. Adams' mailing address." [3:15–CV–127, Doc. 21–3].

Notice to Mr. Adams' attorney constitutes sufficient notice of this administrative forfeiture. *Bye v. United States*, 105 F.3d 856, 857 (2d Cir.1997) ("We conclude that the notice sent to Bye's attorney was reasonably calculated ... to apprise Bye of the pendency of the administrative forfeiture proceeding and to afford him an opportunity to present his objections. Accordingly, he received due process."). Pursuant to 18 U.S.C. § 983(e)(1), Barton Adams' receipt of notice disqualifies him from challenging this forfeiture.

■ With respect to Mrs. Adams,[1] § 983(e)(1)(A) merely requires that the Government "take reasonable steps" to provide a party with notice. 18 U.S.C. § 981(e)(1)(A). The Government is not required to undertake "heroic efforts" to affect actual notice. *See Dusenbery v. United States*, 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002).

Essentially, the petitioners are estopped from arguing that Josephine Adams and "BA" did not receive notice when the Government "took reasonable steps" to identify their location by futilely asking their husband/father's attorney for the information.

As noted above, the defendant contends that there can be no forfeiture since the Government failed to cite 18 U.S.C. § 982(a)(7) in the Indictments or in the Orders of Forfeiture as required by Rule 32.2(a) of the Federal Rules of Criminal Procedure. Rule 32.2(a), as it existed in 2008, provides:

> **(a) Notice to the Defendant.** A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute.

---

1. Inasmuch is there is no claim that BA had any cognizable interest in the property, notice to him is a moot issue.

In this case, the Forfeiture Allegation in both the original indictment and the Third Superseding Indictment informed the defendant, in pertinent part, that "upon obtaining a conviction with respect to any alleged mail, wire, or health care, fraud offense, it is the intention of the United States to seek at sentencing the forfeiture of any property, real or personal, that constitutes or was derived from proceeds traceable to such offense. . . ."

While it is true that the indictment cites 28 U.S.C. § 2461(c) (Mode of recovery in forfeiture); 18 U.S.C. § 981(a)(1)(C) (listing certain statutes for which forfeiture may occur, but not health care fraud); 18 U.S.C. § 1956(c)(7) (money laundering); 18 U.S.C. § 1961(*l*) (racketeering); and 21 U.S.C. § 853 (providing the procedure for forfeiture proceedings), the purpose of Rule 32.2(a) is to provide notice to the defendant that the Government will seek forfeiture.

 The proper result is found in *United States v. Silvious*, 512 F.3d 364, 370 (7th Cir.2008), in which the Court, reviewing a remarkably similar situation, held that "Silvious asserts that the indictment did not list the 'applicable statute,' and therefore the forfeiture is invalid. We do not agree with his reading of Rule 32.2(a). The 'essential purpose' of notice is to inform the defendant that the government seeks forfeiture so the defendant can marshal evidence in his defense. *United States v. Diaz*, 190 F.3d 1247, 1257 (11th Cir.1999) (interpreting old Rule 7(c)(2)); *see United States v. Loe*, 248 F.3d 449, 464 (5th Cir.2001). Here, the indictment informed Silvious that the government intended to seek forfeiture, and it identified the targeted assets. Listing the wrong forfeiture statute did not prevent Silvious from receiving notice under Rule 32.2(a)."

The same is true of the Orders of Forfeiture. The failure to cite a particular statute is not fatal.

This Court finds no fault in the forfeiture at issue in this case. Nevertheless, there appears to be no reason at this point to keep the magistrate proceedings sealed. For the reasons stated above:

A. Petitioners' Emergency Motion for Release and Return of Property [3:15–cv–127, Doc. 1], filed November 17, 2015, is **DENIED**;

B. Petitioners' Motion to Strike Government's Response [Id., Doc. 12], filed February 5, 2016, is **DENIED**;

C. Petitioners' Motion for an Expedited Summary Judgment [Id., Doc. 17], filed February 22, 2016, is **DENIED**;

D. Barton Adams' Motion to Unseal Case Number 3:09–MJ–24–JES [3:09–MJ–24, Doc. 6] is **GRANTED**; and

E. Petitioners' letter motion seeking unsealing of case number 3:09–MJ–24 [3:15–CV–127, Doc. 22; 3;09–MJ–24, Doc. 7; and 3:08–CR–77, Doc. 1522] is **GRANTED**.

This case is hereby **DISMISSED** and dropped from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.